IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re MICHAEL YANUZZI, as owner of a 2008 Rinker 330 FV Cuddy Vessel, HIN RNK89589E708, FOR EXONERATION FROM OR LIMITATION OF LIABILITY. | CIVIL NO. 10-1676(NLH)(JS)<br><br>**OPINION** |

**Appearances:**
ROSE MARIE DIMEO
LAW OFFICE OF EDWARD KEIPER
401 ROUTE 73 NORTH
30 LAKE CENTER, SUITE 115
MARLTON, NJ 08053
     On behalf of petitioner

**HILLMAN, District Judge**:

Petitioner filed a complaint for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, et seq., involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").  Before the Court is petitioner's unopposed motion to bar all claims and exonerate petitioner from liability.  For reasons explained below, petitioner's motion will be granted.

I.   BACKGROUND

Petitioner was the owner of a 2008 Rinder 330 Cuddy vessel ("vessel") which was in navigable waters and docked at Slip H 12 at 600 Huron Avenue, in Atlantic City, New Jersey, when on or about July 5, 2008, a fire broke out on the vessel resulting in damage to

three other boats.  Petitioner alleges that he was not on the boat at the time of the incident.  Middlesex Mutual (Middle Oak) Insurance Company filed an action seeking to subrogate the amount it paid to its insured, Victor Melillo, owner of one of the boats that was damaged when the vessel caught fire, in an amount in excess of the post-casualty value of the vessel.  Petitioner submitted an affidavit of Brian Slavin, employed by Travelers Insurance Company, who assessed the post-casualty value of the vessel to be $500.00.  Petitioner, pursuant to Rule F of the Supplemental Rules, provided an <u>Ad</u> <u>Interim</u> security in the amount of $500.00 for payment to the Court to cover his post-casualty interest in the vessel.

On April 5, 2010, the Magistrate Judge entered an Order in this matter restraining suits, approving petitioner's security, and directing issue of notice and the filing of claims.  The Court ordered the Clerk of the Court to issue a notice to all persons asserting claims or suits with respect to the subject of petitioner's complaint, instructing them to file their claims with the Clerk and serve a copy on petitioner's attorneys on or before June 7, 2010, or be defaulted. In compliance with the Order, the notice was published in the Press of Atlantic City newspaper once a week for four weeks starting on April 17, 2010, April 24, 2010, May 1, 2010, and May 8, 2010.  A copy of the notice was also mailed to Victor Melillo, Robert Hardy, and Carl Gurney, as owners of the

three boats damaged in the fire.

## II. **DISCUSSION**

Petitioner seeks an Order from the Court to bar claims and exonerate him from liability pursuant to 46 U.S.C. § 30505, which provides, in relevant part, that "the liability of the owner of a vessel for any claim, debt, or liability . . . shall not exceed the value of the vessel and pending freight" when that liability occurred "without the privity or knowledge of the owner."  See 46 U.S.C. § 30505(a) and (b).

The determination of whether a shipowner is entitled to a limitation of or exoneration from liability requires the court to engage in a two-step inquiry: first, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident, and second, the court must determine whether the owner of the vessel had "knowledge or privity" of these acts of negligence or conditions of unseaworthiness.  See In re Munyan, 1992 WL 13196, *2 (D.N.J. 1992) (citations omitted); see also Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 948 (3d Cir. 1985) (explaining that the burden of proof in an action seeking exoneration from or limitation of liability is divided: the claimant must prove that the destruction or loss was proximately caused by negligence on the vessel, and once negligence has been shown to be the cause, the burden then shifts to the shipowner to demonstrate that he comes within the statutory exemption because there was neither design,

3

neglect, privity, nor knowledge on his part); Gorman v. Cerasia, 2 F.3d 519, 523 (3d Cir. 1993) (explaining, "in a proceeding known as a concursus, the district court, sitting in admiralty without a jury, determines whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed").

In this case, petitioner has stated in his complaint that he was not on the boat at the time of the incident and that any claims against petitioner were due not due to any fault, neglect, or want of care on the part of petitioner, and occurred without petitioner's privity or knowledge.  There are no claims that petitioner was negligent or otherwise had knowledge concerning the circumstances regarding the fire and subsequent damage.  Even if such claims existed, those claims were required to be filed by June 7, 2010.

Accordingly, because: (1) no claims have been filed, and therefore no claimant can establish petitioner's negligence, (2) petitioner's complaint and motion concerning his lack of knowledge or privity have gone unanswered and unopposed; and (3) the evidence on the record does not provide any basis for the finding of petitioner's negligence, petitioner's motion will be granted.

Date: September 30, 2011          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.